WILLIAM D. OWENS, plaintiff in error, *vs.* M. L. SANDERS, defendant in error.

(BY TWO JUDGES.)   1. A new trial will not be granted only because a verdict is too small in trespass *vi et armis,* unless it is shockingly against the evidence.   (R.)

2. Where, in an action for damages for an assault and battery by the defendant upon the plaintiff, the defendant was a witness and was examined in full upon the case, and during the trial a bill of indictment, with a plea of guilty, for the same beating, and a judgment affixing a fine of two hundred dollars was introduced by the defendant in mitigation of damages—and after the evidence was closed and the argument of the counsel on both sides to the jury concluded, the Court permitted the defendant to be re-introduced for the purpose of stating facts calculated to show that he had pleaded guilty under a mistaken impression deprived from the Solicitor General, that it would be cheaper to plead guilty than to attempt to defend and that the fine would be very small :

*Held,* That, if no reason was shown why this evidence was not offered before the case was closed and the argument heard, the admission of it, at the time, was not fair to the plaintiff, and a new trial ought to be granted.

3. Whether the evidence was admissible is questionable.   (R.)   20th February, 1872.

Practice in Superior Court.   Before Judge CLARK.   Webster Superior Court.   September Term, 1871.

Owens sued Sanders for beating him. Sanders pleaded only not guilty. Plaintiff put in evidence the beating and its circumstances, and his damages by loss of time, etc. Sanders, for himself, testified, at large, as to the beating and its circumstances, and, to mitigate damages, introduced a bill of indictment, by which it appeared that he had been indicted and had been fined $200 00 therefor; and he swore that he had paid said fine. The cause was argued, and *then* the Court allowed Sanders to testify, over plaintiff's objection, that when he was indicted his counsel advised him to plead not guilty, but after consulting with the Solicitor, who said the fine would be light, he and his counsel agreed to said plea of guilty.

The jury found for plaintiff for $30 00 and costs.

Plaintiff moved for a new trial, upon the grounds that the verdict was too small, under the evidence, and that the Court erred in allowing Sanders to make said additional statements after the argument was over. A new trial was refused and error is assigned on said grounds.

HAWKINS & GUERRY, for plaintiff in error. Defendant could not dispute or explain his plea of guilty to the indictment: R. Code, sec. 3700. Sanders' pleadings and evidence, 62.

B. S. WORRILL; J. L. WIMBERLY, by W. A. HAWKINS, for defendant. As to allowing the additional evidence: 41 Ga. R., 423; 24th, 384.

McCAY, Judge.

1. Although this is a very small verdict, under the facts of the case, we would not disturb it did we think there was no error in the Judge. The jury is the tribunal to assess damages, and though we do not think they have done full justice to the plaintiff, we are of opinion that the case is not so shocking an one as to demand our interference.

2. But we do not think the defendant, under the circumstances, had the right to go again upon the stand to explain and rebut the effect of his plea of guilty. He had been fully examined. The record of the indictment, the plea and the judgment were his own evidence, introduced by himself. He had a fair opportunity to explain it when he was regularly on the stand. We are not clear that he could explain it. If his statement amounts to anything, it goes to show that he pleaded guilty under a false impression, derived from the statements of the Solicitor General, and his evidence goes rather to explain and contradict the record. At any rate, it was not fair to the plaintiff to permit this explanation, at the time, it was made. Doubtless it was the argument of the plaintiff's counsel, the conclusions he drew from the plea of guilty, that prompted this explanation. This was after the case had closed, and the plaintiff's witnesses probably gone. It is rather dangerous to the rights of parties to permit new evidence at all, under such circumstances. But if there had been a mistake, or new evidence be then just discovered, the ends of justice authorizes it. But no reason at all was here given why it was not introduced before. It was in the breast of the defendant, and he had a full opportunity to tell it.

It would be a very dangerous rule to permit one of the parties, though legally a witness, to sit by, listen to the argument of his opponent before the jury, and when a point is made upon the effect of his own documents, stop the cause and put himself up as a witness to explain and rebut it. True, the propriety of the matter ought, as a general rule, to rest with the Judge, but we think there ought always to be *some reason* given.

Had this verdict been fully up to a fair compensation to the plaintiff, we should not disturb it. But as we think this evidence was not properly admitted, and especially as the evidence is of very doubtful legality, we overrule the judgment of the Court refusing a new trial.

Judgment reversed.